**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN CULLEN and** | | |
| **BARBARA CULLEN** | ) | |
| **Plaintiffs** | ) | |
| | ) | **C.A No.: 06-192T** |
| **vs.** | ) | |
| | ) | |
| **STEPHEN WOERNER, Finance Director** | ) | |
| **for the Town of Lincoln, et al.** | ) | **{R.I. Superior Court C.A. No. PC06-1840}** |

**<u>MOTION OF THE PLAINTIFFS, JOHN CULLEN and BARBARA CULLEN, TO REMAND</u>**

Now come the Plaintiffs, John and Barbara Cullen (hereinafter, the "Cullens") and hereby move to remand this action to State Court for lack of subject matter jurisdiction. This Court lacks subject matter jurisdiction to hear this matter pursuant to the Tax Injunction Act and the principle of comity. In support of this Motion, the Cullens rely on the Supporting Memorandum of Law filed herewith.

The Plaintiffs,
John Cullen and Barbara Cullen,

By their attorneys,

**Ratcliffe Burke Harten & Elias LLP**

Stephen H. Burke, #2759
Jenny M. Cordero, #7200
1600 Financial Plaza
Providence, RI 02903
Tel: 401-334-3400
Fax: 401-331-3440

## CERTIFICATION

I hereby certify that on the 14th day of July, 2006, I delivered a true and accurate copy of the within pleading via first class mail, postage prepaid, to the following:

Marc DeSisto, Esq.
DeSisto Law
311 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Margaret M. Lamson

*Motion to Remand.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOHN CULLEN and** | | |
| **BARBARA CULLEN** | ) | |
| **Plaintiffs** | ) | |
| | ) | **C.A No.: 06-192T** |
| **vs.** | ) | |
| | ) | |
| **STEPHEN WOERNER, Finance Director** | ) | |
| **for the Town of Lincoln, et al.** | ) | **{R.I. Superior Court C.A. No. PC06-1840}** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

## INTRODUCTION

This matter involves the re-classification, the homestead exemption revocation and the tax assessment of the residence of the Plaintiffs, John and Barbara Cullen (hereinafter, the "Cullens"), located in Lincoln, Rhode Island.

## PROCEDURAL HISTORY

The Cullens commenced this action against the Town of Lincoln and the Town's Tax Assessor, David Robert (hereinafter, collectively, the "Town of Lincoln") in the Superior Court for the County of Providence, Rhode Island on or about March 31, 2006. The associated complaint was served upon the Town of Lincoln on or about April 17, 2006 (hereinafter, the "State Complaint").[1] Subsequently, on or about April 26, 2006, the Town of Lincoln filed a Petition for Removal (hereinafter, the "Petition") in this Court.[2] On the same date, the Town of Lincoln filed its Answer to the State Complaint. This matter is now before this Court on the

[1] The Complaint is attached hereto as Exhibit A (please note that the exhibits of the Complaint are not included).
[2] The Petition for Removal is attached hereto as Exhibit B (please note that the certified copy of the superior court file referenced in the Petition is not included).

Cullens' Motion to Remand for lack of subject matter jurisdiction.

## GENERAL FACTS

The Cullens have owned and resided in their home located at 99 Old River Road in Lincoln, Rhode Island since 1992 (hereinafter, the "Cullen Residence). The Cullen Residence has been classified as a Class 1 ratable property and enjoyed the benefits of the Town of Lincoln's homestead exemption since 1993. Consistent with its Class 1 residential property status, a small bed and breakfast facility known as The Whipple Cullen Bed and Breakfast (hereinafter, the "B&B) operated at the Cullen Residence. At all relevant times hereto, the Town of Lincoln had knowledge of the B&B located directly across the street from the Lincoln Town Hall.

In December of 2004, the Plaintiff, John Cullen, publicly questioned the integrity, capabilities and tenure of the then Lincoln Tax Assessor, David Robert, and the Lincoln Town Council as Mr. Robert's employer, during a town council meeting. Despite the Plaintiff's concerns, the Lincoln Town Council renewed Mr. Robert's contract as tax assessor.

In May of 2005, Mr. Robert retaliated against Mr. Cullen's actions and changed, without notice to the Cullens, the Cullen Residence classification to Class 2, thereby disqualifying the property for the homestead exemption. As a result, the Cullens were taxed at a commercial rate without the homestead exemption, resulting in an increase in real estate taxes of over nine thousand dollars ($9,000.00) per year for the years 2004 and 2005. In addition, Mr. Robert further retaliated by arbitrarily reassessing all of the Cullens' remaining real and personal property located in Lincoln.

As a result of the retaliatory actions of the Town of Lincoln, the Cullens exhausted their

administrative remedies and ultimately filed this action in the Providence County Superior Court on March 31, 2006 seeking declaratory judgment and damages. The State Complaint was served on the Town of Lincoln on April 17, 2006. This matter is now before this Court upon the Town of Lincoln's Petition. This Court lacks subject matter jurisdiction to hear this matter pursuant to the Tax Injunction Act and the principle of comity and, accordingly, should remand this action to the Superior Court for the County of Providence, Rhode Island.

## ARGUMENT

### 1. The Tax Injunction Act Bars Federal Court Jurisdiction Over State Tax Actions Seeking Declaratory or Injunctive Relief.

The Tax Injunction Act (hereinafter, the "TIA") states "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[3] Federal courts are courts of limited jurisdiction, and can only act within the bounds of that jurisdiction.[4] The TIA is jurisdictional in nature and not subject to waiver.[5] It is well-established that the TIA applies to taxes imposed by municipalities.[6] The TIA is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."[7] It prohibits federal courts from granting injunctions and issuing declaratory judgments in cases challenging state taxes.[8] Two requirements must be met before the TIA applies and bars

---

[3] *The Tax Injunction Act*, 28 U.S.C. §1341.
[4] *Cumberland Farms, Inc. v. Tax Assessor*, 116 F.3d 943, 945 (1st Cir. 1997).
[5] *Id.*
[6] *Ludwin v. City of Cambridge*, 592 F.2d 606, 608-609 (1st Cir. 1979).
[7] *Tomiaolov. Transamerica Co. et al.*, 131 F.Supp.2d 280, 288 (D.R.I. 2001), quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981).
[8] *California v. Grace Brethren Church*, 457 U.S. 393, 408-409 (1982).

a federal district court from exercising jurisdiction over a case.[9] First, the litigation must involve a challenge to a state or municipal tax or tax policy.[10] Second, the state courts must provide a "plain, speedy and efficient" procedural remedy in which the plaintiffs are allowed to have all of their constitutional claims heard.[11] The only exceptions to the application of the TIA are in cases where the State fails to provide a "plain, speedy and efficient remedy" or the United States sues to protect itself or its instrumentalities from state taxation.[12]

The case at bar is the exact sort of case to which the TIA was designed to apply. The case at bar easily meets these two requirements. This matter challenges the Town of Lincoln's tax assessment of the Cullen Property and the other property owned by the Cullens.[13] The Cullens directly challenge the constitutionality of the local tax system in their §1983 claim.[14] The first element is easily met.

Similarly, the second element is also satisfied. This Court has previously held that Rhode Island provides a "plain, speedy and efficient remedy" for taxpayers seeking to challenge the collection of taxes.[15] Accordingly, this case satisfies the elements of the TIA and, therefore, this federal court is barred from exercising subject matter jurisdiction over this matter and granting the declaratory relief the Cullens seek. This Court lacks subject matter jurisdiction over the Cullens' state tax assessment action against the Town of Lincoln.

## 2. The Principle of Comity Bars the Federal Court From Granting Damages Under §1983 Claim.

[9] *Tomaiolo* at 289.
[10] *Cumberland Farms* at 945.
[11] *Tomaiolo* citing *California* at 411-412 and *Cumberland* at 945.
[12] *Arkansas v. Farm Credit Servs. Of Cent. Ark.*, 520 U.S. 821, 823-824 (1997).
[13] *See* Exhibit A.
[14] *See* Exhibit A.
[15] *Keating v. Rhode Island*, 785 F.Supp. 1094 (D.R.I. 1992); *Sterling Shoe Co. v. Norberg*, 411 F.Supp. 128 (D.R.I. 1976).

This Court also lacks jurisdiction to consider the Cullens' §1983 claim seeking damages pursuant to the principle of comity. The United States Supreme Court defines comity as follows:

> A proper respect for state functions... and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways... The concept [represents] a system in which there is sensitivity to the legitimate interest of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interest, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.[16]

The principle of comity prohibits federal courts from granting relief in actions for damages brought under §1983 that challenge a state or municipal tax scheme.[17] Taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete and may ultimately seek review of the state decisions in this Court.[18] As stated above, Rhode Island provides the appropriate remedy to taxpayers to satisfy the requirements of this comity principle. Therefore, this Court also lacks jurisdiction to hear and grant the Cullens' claim for damages.

## CONCLUSION

Because this Court lacks subject matter jurisdiction over this matter pursuant to the Tax Injunction Act and the principle of comity, the Cullens respectfully request this Honorable Court to grant their Motion to Remand.

---

[16] *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 112 (1981) quoting *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).
[17] *Id.at 116.*
[18] *Id.* at 116. It is noted that the Supreme Court discerned no significant difference between "plain, adequate and complete" remedies as phrased in the doctrine of equitable restraint and "plain, speedy and efficient" remedies contemplated by the Act. See *Fair Assessment,* 116, fn8, *Tully v Griffin, Inc.* 429 U.S. 68, 73-74 (1976*).*

The Plaintiffs,
John Cullen and Barbara Cullen,

By their attorneys,

**Ratcliffe Burke Harten & Elias LLP**

Stephen H. Burke, #2759
Jenny M. Cordero, #7200
1600 Financial Plaza
Providence, RI 02903
Tel: 401-334-3400
Fax: 401-331-3440

**CERTIFICATION**

I hereby certify that on the 14th day of July, 2006, I delivered a true and accurate copy of the within pleading via first class mail, postage prepaid, to the following:

Marc DeSisto, Esq.
DeSisto Law
311 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Margaret M Cannon