STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

JOHN CULLEN and
BARBARA CULLEN,
Plaintiffs

vs.

STEPHEN WOERNER, Finance Director for the Town of Lincoln and DAVID ROBERT, individually and in his official capacity as Tax Assessor of the Town of Lincoln

CA No.: PC 06-1840

## COMPLAINT

### Parties

1. Plaintiff, John J. Cullen, is a resident of Lincoln, Rhode Island.

2. Plaintiff, Barbara Cullen, is a resident of Lincoln, Rhode Island.

3. The Town of Lincoln is a municipal corporation, and Stephen Woerner is its Finance Director. He is named as a defendant in accordance with the provisions of Rhode Island General Laws § 45-15-5.

4. David Robert was, at all times relevant to the matters described herein, Tax Assessor of the Town of Lincoln under Article VII, Section C7-7 of the Lincoln home rule charter. Defendant Robert is sued in his official and individual capacity.

### Jurisdiction

5. This Court has subject matter jurisdiction over this matter pursuant to Rhode Island General Laws §8-2-14.

### General Allegations

6. John and Barbara Cullen (collectively, the "Plaintiffs"), have owned and resided in

their home located at 99 Old River Road in Lincoln, Rhode Island (the "Cullen Residence") since 1992. The Cullen Residence is ratable property, as that term is used in R. I. Gen. Laws § 44-5-3.

7. The Rhode Island General Assembly has provided for the classification of ratable property for purposes of levying real and personal property taxes in the Town of Lincoln. Class 1 real estate consists of residential real estate consisting of no more than five (5) dwelling units. Prior to the events described in this Complaint, the Cullen Residence had been classified as a Class 1 residence since 1993 under applicable Lincoln ordinances.

8. Pursuant to R. I. Pub. Laws Section 94-024, Rhode Island General Laws § 44-5-20.29 and the Town of Lincoln Code of Ordinance § 18-4, the Town of Lincoln's homestead exemption of 35% of assessed value applies to Class 1 residences such as the Cullen Residence. Copies of relevant statutes and ordinances are attached to this complaint as **Exhibit A.**

9. Consistent with its character as a Class 1 residential property, the Cullens have operated a small bed and breakfast facility since 1993 known as the Whipple Cullen Bed and Breakfast (the "B&B"). The B&B consisted of four rooms in the Cullen Residence, which the Cullens occasionally rented to members of the public.

10. At all relevant times hereto, the Town of Lincoln, by and through the members of its Town Council from time to time, and Defendant Robert had knowledge of the operation of the B&B at the Cullen Residence. Defendant Robert had personally visited the B&B (which is directly across the street from the Lincoln Town Hall) in January 2004.

11. In December of 2004, Plaintiff John Cullen publicly criticized Defendant Robert, in his official capacity as the Lincoln Tax Assessor, and the Town Council of the Town of Lincoln, as Defendant Robert's employer, by questioning Defendant Robert's integrity and capability at a Town Council Meeting, one purpose of which was to evaluate Defendant Robert's tenure as Tax Assessor

and to consider whether to renew his contract in that capacity. A copy of the comments delivered by Mr. Cullen at the December 2004 Town Council meeting are attached to this Complaint as **Exhibit B.**

12. Notwithstanding Mr. Cullen's concerns as expressed in **Exhibit B,** the Defendant Town of Lincoln, by and through its Town Council, renewed Defendant Robert's contract as Tax Assessor.

13. In May of 2005, in willful retaliation for Plaintiff John Cullen's public criticism of his actions as Lincoln Tax Assessor, Defendant Roberts unilaterally changed the real estate tax classification of the Cullen Residence to Class 2, effective as of the previous tax assessment date, December 31, 2004. Class 2 properties consist of commercial and industrial real estate, residential real estate containing partial commercial or industrial uses, and residential real estate of more than five (5) dwelling units. See **Exhibit A.** Defendant Robert did not notify the Cullens of this reclassification, or that as a result thereof they would no longer qualify for the Homestead Exemption. As a result of this reclassification, the Cullens were taxed at a commercial rate and lost the benefit of the Homestead Exemption, whereby their real estate taxes for the years 2004 and 2005 have increased by an amount in excess of Nine Thousand ($9,000.00) Dollars per year.

14. During the year 2005, without notice to the Cullens, Defendant Robert attempted to amend the Cullens' real estate tax bill attributable to the Cullen residence for the years 2004 and 2005 so as to (a) deprive them of the benefit of the Homestead Exemption to which they were entitled, which exemption had a value to the Cullens of approximately Two Thousand Eight Hundred Dollars and (b) for 2005 only, levy real estate taxes at the Class 2 commercial property tax rate, as opposed to the Class 1 residential tax rate. Copies of the Cullens' real estate tax bills for the years 2004 and 2005 are attached to this Complaint at **Exhibit C.**

15. In addition to the re-classification of the Cullen Residence and the retroactive and prospective denial of the Homestead Exemption to that property, Defendant Robert, also in retaliation for Plaintiff John Cullen's criticism, arbitrarily and capriciously reassessed the balance of Cullen's real and personal property, and property which they own through various entities, as follows.

| Plat Lot | Real Estate | 2004 Assessment | 2005 Assessment |
|---|---|---|---|
| P-29 L-319 | 37 Cullen Hill Road | $256,900 | $262,100 |
| P-29 L-336 | 95 Old River Road | $213,500 | $216,500 |
| P-29 L-294 | 103 Old River Road | $322,900 | $363,500 |
| P-29 L-289 | George Washington Highway | $193,200 | $207,300 |
| P-29 L-329 | 99 Old River Road (Home) | $427,300 | $428,200 |
| **Plat Lot** | **Personal Property** | **2004 Assessment** | **2005 Assessment** |
| P-29 L-289 | George Washington Highway | $42,780 | $50,000 |
| P-29 L-329 | Cullen Homestead | $1,640 | $20,000 |

16. Defendant Robert's actions in reclassifying the Cullen Residence, and in denying the Cullens their Homestead Exemption, and in willfully and arbitrarily reassessing the Cullen's other property, were taken under color of state law.

## COUNT I

## Taxation In Excess Of Authority to Levy Taxes

## And Failure to Comply With Taxing Statutes

17. At all times relevant hereto, the Cullen Residence has been owner occupied and has been residential real estate consisting of no more than seven (7) dwelling units.

18. For approximately nine (9) years prior to 2004, the Cullen Residence was properly classified as a Class 1 residential property, entitled to the benefit of the Homestead Exemption, notwithstanding the existence of the B&B.

19. In early 2005, Defendant Robert reclassified the Cullen Residence as Class 2 property and retroactively and prospectively denied the Cullen Residence its Homestead Exemption.

20. The Cullens are entitled to the benefits of the Class 1 residential real estate tax rate, and to the Homestead Exemption under the laws and ordinances cited previously in this Complaint.

21. As a result of the willful and malicious reclassification of their personal residence, the Cullens have suffered substantial loss in their right to enjoy the residential real estate Class 1 tax rate and the Homestead Exemption to which they are entitled.

22. The Cullen Residence was not omitted from the tax roll in 2004 or 2005.

23. Additional taxes assessed against the Cullen Residence for the tax year 2004 were not annexed to the general tax roll in 2005, nor were they identified as such on the annual certification pursuant to R. I. Gen. Laws § 44-5-23.

24. Notices were not sent to the Cullens, requiring submission of a true and exact account of real estate owned for each year of back taxes levied as required by R. I. Gen. Laws § 44-5-24.

25. No vote of the Lincoln Town Council identified the Cullen Residence as an addition to the tax roll for the years 2004 or 2005.

26. Defendant Robert and the Town of Lincoln, acting by and through Defendant Robert, have improperly assessed the Cullens' residential real estate, and have levied property taxes thereon exceeding those authorized by law and in a manner not authorized by the Rhode Island General Laws.

27. As a result of the willful and malicious reclassification of their personal residence, the Cullens have suffered substantial loss in their right to enjoy their real estate in that the additional tax levied as a result of the loss of the Homestead Exemption, and the taxation of their property as Class 2 property, has forced them to close the B&B.

WHEREFORE, Plaintiffs demand that this Court enter judgment in their favor as follows:

A. That the Defendants be ordered to classify the Cullens' personal residence as Class 1 Residential Real Estate as authorized by law, and to give the Cullens the benefit of the homestead exemption for the years 2004, 2005 and thereafter;

B. That consistent with Paragraph A above, the Defendants be ordered to abate the taxes on the Cullen Residence by the amount of the Homestead Exemption for the years 2004 and 2005, and by the amount of the taxes assessed as a result of the reclassification of the Cullen Residence as Class 2 property during those years, together with all interest accrued on any portion of such taxes; and

C. That the Cullens be awarded such damages as may be proven at trial arising as a result of the loss of their business, together with exemplary or punitive damages, interest, costs and reasonable attorneys' fees and such other relief as this Court may deem appropriate.

## COUNT II

## Violation of Constitutional Right under the Rhode Island Constitution

28. The Plaintiffs incorporate the allegations set forth in Paragraphs 1-27 of this Complaint as if fully set forth at length herein.

29. The Plaintiffs are citizens of the United States and of the State of Rhode Island and are entitled to all the rights of such citizens as conferred by the Rhode Island Constitution and by the Constitution of the United States.

30. In December 2004, the Plaintiffs exercised their rights as conferred in Article 1, Section 21 of the Rhode Island Constitution at a Lincoln Town Council meeting. During this Town Council meeting, the Plaintiffs expressed negative opinions pertaining to the Tax Assessor, David Robert.

31. As a direct result of the Plaintiffs' exercise of their Constitutional rights, and for no other reason, David Robert willfully, unilaterally and under color of state law reassessed the Cullen Residence, as well as other real and tangible property owned by the Cullens, and declassified the Cullen Residence as a Class 1 residence, reclassified the Cullen Residence as Class 2 real estate and denied the Cullens the Homestead Exemption, whereby the Cullens have suffered damages and have been forced to shut down the B&B.

32. David Robert's actions were retaliatory and in violation of the Plaintiffs' rights conferred by Article 1, Sections 2 and 15 of the Rhode Island Constitution and by the Fifth and Fourteenth Amendments to the Constitution of the United Sates.

WHEREFORE, Plaintiffs demand judgment in their favor in the amount this Court finds appropriate, plus interest, costs and reasonable attorneys' fees.

## COUNT III

### Attorney Fees

33. The Plaintiffs incorporate the allegations set forth in Paragraphs 1-32 of this Complaint as if fully set forth at length herein.

34. The Town of Lincoln and its agencies and agents possess a tremendous power in their ability to affect the individuals and businesses they regulate or otherwise affect directly.

35. The Town's and its Tax Assessor's ability to determine benefits, impose fines, suspend or revoke licenses, or to compel or restrict activities imposes a great, and to a certain extent, unfair burden upon the Cullens and their B&B.

36. The Cullens, as individuals and small business owners, are least able to contest the Town's and Robert's actions, which actions are other than those which are in the best interest of the public.

37. By contesting the Defendants' unjust action in this case and prevailing, the Cullens will perform an important service to the public in compelling the Defendants to enforce the laws of this state and the Town of Lincoln as they were written by the elected representatives of this state and the Town Council.

38. The financial burden borne by the Cullens and their B&B should be, in all fairness, subject to state and/or municipal reimbursement of reasonable litigation expenses when the Cullens prevail in this action, since the actions of the Defendants are without substantial justification.

39. This is an action to redress a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States as those terms are used in 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demand that they be awarded reasonable attorneys' fees as prevailing parties in this matter as authorized by 42 U.S.C. § 1988 and by R.I. Gen. Laws § 42-92-1.

**PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL MATTERS SO TRIABLE.**

Plaintiffs
John Cullen and Barbara Cullen,

By their attorneys,

Ratcliffe Burke Harten & Elias LLP

Stephen H. Burke, #2759
1600 Financial Plaza
Providence, RI 02903
Tel: 401-334-3400
Fax: 401-331-3440

Date: 3-31-06

VERIFICATION

I, John Cullen, have read the allegations set forth in this Verified Complaint and the same are true to the best of my knowledge and belief.

John Cullen

Subscribed before me in Providence, Rhode Island on this 31st day of March, 2006.

Stephen H. Burke
Notary Public
My Commission Expires: 11/21/08