UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN CULLEN, et al.,

*Plaintiffs,*

vs. C.A. No. 06-192 T

STEPHEN WOERNER, Finance Director for the Town of Lincoln, et al.

*Defendants.*

**DEFENDANTS' OBJECTION TO THE PLAINTIFFS' MOTION FOR REMAND OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

NOW COME Defendants and hereby object to Plaintiffs' Motion to Remand the above captioned matter or, in the alternative, move to dismiss Counts II and III of Plaintiffs' Complaint to the extend they seek damages pursuant to §§ 1983 and 1988. In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 31st day of July 2006, to:

Stephen H. Burke, Esq. (#2759)
RATCLIFFE BURKE HARTEN & ELLAS LLP
1600 Financial Plaza
Providence, RI 02903
(401) 334-3400
(401) 331-3440 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

JUL 31 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN CULLEN, et al.,

*Plaintiffs,*

vs.

C.A. No. 06-192 T

STEPHEN WOERNER, Finance Director for the Town of Lincoln, et al.

*Defendants.*

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION FOR REMAND OR IN THE ALTERNATIVE DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

## I. INTRODUCTION

Plaintiffs' Complaint and subsequent Motion to Remand presents this Court with unique procedural issues and novel questions of federal law. While defendants acknowledge that the Tax Injunction Act may be invoked regarding that portion of plaintiffs' declaratory action contained in Count I of their complaint, defendants submit that in addition to the timeliness of the instant motion, Counts II and III raise novel questions of federal law that should properly be decided by this Court before remand. In particular, defendants submit that there is no cause of action, either in state or federal court, under *§ 1983* for damages stemming from a tax dispute. Addressing this issue, would not interfere with the state tax proceedings. Thus, comity principles do not prevent this Court from first addressing the validity of plaintiffs' *§* 1983 claim for damages stemming from their tax dispute.

## II. SUMMARY OF ARGUMENT

In Count II, plaintiffs seek recovery under *42 U.S.C. §1983* for the alleged violation of plaintiffs' Fifth and Fourteenth Amendment rights.[1] Defendants submit that under U.S. Supreme Court case law, *§ 1983* can not be used in either federal or state court to collect damages stemming from a tax dispute.[2] *National Private Truck Council, Inc. V. Okla. Tax Comm's, 515 U.S. 582, 588-92 (1995) (state courts cannot award declaratory or injunctive relief under § 1983 if the taxpayer has an adequate remedy under state law); Patel v. San Bernardino, 310 F.3d 1138, 1141 n.3 (9th Cir. 2002)(Supreme Court has barred use of 42 U.S.C. § 1983 to litigate state tax disputes in either state or federal courts)* . This issue presents a novel federal question for this Circuit requiring the interpretation of Federal statutes and case law and thus should appropriately be decided by this Court in the first instance.[3] Resolution of the same would not interfere or even comment on the tax procedures implemented by the defendants. Rather, it would simply interpret the scope of a federal statute, § 1983. Accordingly, the resolution of whether plaintiffs, in the first instance, possess a cause of action under § 1983, will not interfere with the state taxing power and thus properly should be decided by this Court.

## III. THE ISSUES

1. Does Supreme Court precedent bar the use of *§ 1983* to litigate state tax disputes in either state or federal court?

2. Does the principle of comity preclude the defendant from litigating the viability of plaintiffs' § 1983 claims in this forum where resolution of the same would not interfere or even comment on a state tax procedure?

---

[1] Count II also contains the claim that defendant's actions amounted to a violation of plaintiffs' State Constitutional rights.

[2] Although a Pretrial Order has not been issued in the instant case, defendants are aware that this Court routinely requires parties to first seek the Court's permission before filing a dispositive motion.

[3] Count III of Plaintiffs' Complaint also raises an interesting federal issue because it seeks attorney's fees under *42 U.S.C. 1988* not only because of the alleged violation of *§ 1983* but because "the Cullens will perform an important service to the public in compelling the defendants to enforce the laws of this State and the Town of Lincoln as they were written by the elected representatives of this State and the Town Council." *Complaint, at Paragraph 37.*

3. Has plaintiffs' waived its right to seek remand based on comity grounds by failing to move to remand within thirty (30) days of removal?

## IV. THERE IS NO CAUSE OF ACTION UNDER § 1983 FOR DAMAGES STEMMING FROM TAX DISPUTES

As noted, in Count II plaintiffs allege that the Tax Assessor violated plaintiffs' state and federal constitutional rights by reassessing and reclassifying plaintiffs' taxable property in retaliation for plaintiffs speaking out against the Tax Assessor. Plaintiffs thus seek to maintain a *§ 1983* claim for damages stemming from their tax dispute. Defendants submit that all the same reasons that justify the Court's restraint from becoming involved in tax disputes, support the finding that *§ 1983*, a federal statute, does not permit recovery of damages stemming from tax disputes, whether that claim in brought in state or federal court.

In *Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981)*, the Supreme Court first held that comity prevented a party from maintaining a § 1983 claim for damages in federal court. *454 U.S. at 116*. Subsequently, in *National Private Truck*, the Supreme Court noted that *Fair Assessment*'s narrow interpretation of *§* 1983 to preclude monetary damages in federal court, likewise warranted the preclusion of equitable relief by either the federal or state court under *§* 1983 in a tax dispute where an adequate state remedy existed. Both decisions interpreted *§* 1983 in light of the principles of comity and concluded that allowing such relief under a federal statute "would violate federalism articulated even before enactment of *§ 1983* and followed in later decisions." *National Private Truck, 515 U.S. at 590*. As held by the Supreme Court, "taxpayers must seek protection of their federal rights by state remedies." *Fair Assessment, 454 U.S. at 116 (emphasis added)*.

More recently, the Ninth Circuit was called on to specifically address whether a party could use *§ 1983* to recover damages related to a tax dispute. *Patel v. San Berndanino, 310 F.3d*

*at 1141*. In that case, the plaintiff had pursued a successful challenge in state court to an invalid tax. The plaintiffs then filed an action in federal court seeking to recover damages under § 1983 stemming from the unconstitutional tax. In addressing whether comity would preclude the suit, the Court held that that read together, the Supreme Court precedent of *Fair Assessment*,*454 U.S. at 116* and *National Private Truck, 515 U.S. at 585*, "bar[s] use of *§ 1983* to litigate state tax disputes in either state or federal court" so long as a "plain, speedy and efficient" remedy is available in state court. *Patel, 310 F.3d at 1141*. In reaching this holding, the Court recognized that the Supreme Court in *National Private Truck* had only held that *§ 1983* did not offer a party equitable relief (injunctive or declaratory) in either federal or state court against a state tax where an adequate legal remedy exists. *Id. at n. 3, citing National Private Truck, 515 U.S. at 591*. The Circuit Court concluded that the exclusion of damage actions under *§* 1983, in both state and federal courts, is a natural extension of the reasoning outlined by the Supreme Court in *Fair Assessment* and *National Private Truck* for preventing state courts from using *§ 1983* to grant equitable relief in tax cases. *Id.*[4]

Defendants submit that *Fair Assessment, National Private Truck* and *Patel* support the conclusion that plaintiffs do not have the right to use § 1983, a federal remedy, to recover damages allegedly suffered in a tax dispute. Rather, under this well settled precedent, plaintiffs must rely on their state law remedy, *§ 44-5-26*. Defendants thus respectfully request that this Court first address defendants' Motion to Dismiss and dismiss Counts II and III, to the extent these counts seek damages pursuant to *§ 1983* and § *1988*.

---

[4] *Patel* went on to hold that the *§ 1983* action in Federal Court was nevertheless warranted in that case because California had failed to provide the plaintiffs with a plain, speedy and efficient remedy. *Id. at 1142*.

## V. PLAINTIFFS' MOTION TO REMAND IS UNTIMELY

Defendants further submit that plaintiffs' motion to remand based on comity principles (Count II and III) is nevertheless untimely. As outlined in plaintiffs' Motion to Remand, the instant case was removed by defendants in and around April 26, 2006. Plaintiffs filed the instant Motion to Remand on or about July 14, 2006. Pursuant to *28 U.S.C. §1447*, unless the remand is based on lack of subject matter jurisdiction, motions to remand must be brought within 30 days of removal. Although plaintiffs' couch the instant motion as one for lack of subject matter jurisdiction, it is apparent that remand based on comity, which is the basis for plaintiffs' motion to remand Count II and III (*§* 1983 claim), is not based on a lack of jurisdiction by this Court. Rather, a decision to remand based on comity stems from the Court's determination, for whatever reason, that such jurisdiction should not be exercised.[5] Stated another way, this Court clearly possesses jurisdiction over *§ 1983* suits. It would only be because of the Court's decision that federalism and comity issues caution against this Court exercising that jurisdiction, that a remand to state court was granted, not because the Court lacked such jurisdiction. Under § 1447(c), plaintiffs' failure to raise comity within 30 days of removal precludes plaintiffs from now seeking to remand the instant matter on this ground.

## VI. CONCLUSION

For the reasons cited herein, as well as those that may be raised at hearing, defendants object to Plaintiffs' Motion to Remand and respectfully request that this Court dismiss Count II and III to the extend they seek damages pursuant to 1983 and 1988.

[5] Defendants concede that the Tax Injunction Act, which plaintiffs uses to form the basis for remand of Count I, does divest this Court of jurisdiction over declaratory and injunction actions and thus, a motion to remand this count is not limited by *1447*. However, this case was removed based on this Court's jurisdiction over the *1983* claims.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 31st day of July 2006, to:

Stephen H. Burke, Esq. (#2759)
RATCLIFFE BURKE HARTEN & ELLAS LLP
1600 Financial Plaza
Providence, RI 02903
(401) 334-3400
(401) 331-3440 fax