**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN CULLEN and**
**BARBARA CULLEN** )
**Plaintiffs** )
) **C.A No.: 06-192T**
**vs.** )
)
**STEPHEN WOERNER, Finance Director**)
**for the Town of Lincoln, et al.** ) **{R.I. Superior Court C.A. No. PC06-1840}**
**Defendants** )

**PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR REMAND OR IN THE ALTERNATIVE DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

The Plaintiffs hereby submit their response to the Defendants' Objection to the Plaintiffs' Motion for Remand and Motion for Partial Dismissal. The factual and procedural history of this matter is recounted in the Plaintiff's Motion for Remand filed on July 14, 2006 (the "Motion to Remand") and will not be restated here. Plaintiff's Motion to Remand is based on the Tax Injunction Act, 28 U.S.C. §1341 (hereinafter, the "TIA"), which divests this Court of jurisdiction to hear this case, and on principles of comity. Defendants concede this divestiture in their Memorandum of Law in Support of Their Objection to the Plaintiffs' Motion for Remand or in the Alternative Defendants' Motion for Partial Dismissal, which the Defendants filed on or about July 31, 2006 (hereinafter, "Defendant's Objection").[1] Nevertheless, the Defendants apparently want this court to dismiss Counts II and III of the Plaintiff's complaint *before* acknowledging its lack of jurisdiction and remanding Count I to the Rhode Island Superior Court. This memorandum is submitted to respond to Defendant's Objection.

---

[1] *See* Defendants' Memorandum of Law in Support of Their Objection to the Plaintiffs' Motion For Remand or in the Alternative Defendants' Motion for Partial Dismissal, Footnote 5.

## ARGUMENT

### A. Plaintiffs' Motion for Remand Was Timely Filed: the Thirty Day Time Period for Objections to Removal from State Court Does Not Apply to Motions to Remand Based On Lack of Subject Matter Jurisdiction

The Plaintiffs' Motion for Remand was timely filed. The thirty day time limit for moving to remand does not apply to motions based on lack of subject matter jurisdiction. 28 U.S.C § 1447(c). Plaintiffs' Motion to Remand squarely challenges this Court's jurisdiction over the subject matter of this case. The TIA limits the jurisdiction of the federal courts, rather than merely restricting the remedies available in a given civil action.[2] Even if it is denied, it should be denied on its merits, not on the basis of untimely filing. Count I of Plaintiff's complaint is based exclusively on a dispute over local taxes, to which the TIA clearly applies. As noted elsewhere in this pleading, the Defendants concede this point. Count II is based on the same local tax assessments, which the Plaintiffs allege violate not only the municipal taxing laws and ordinances, but the United States and Rhode Island Constitutions insofar as a local governmental official abused the taxing authority of a municipality as retaliation for criticism leveled at him by the Plaintiffs in a public forum. Count III seeks attorneys fees as authorized by state and federal law for such constitutional violations.[3]

---

[2] *Tomaiolo v. Mallinoff*, 281 F.3d 1, 6 (1st Cir. 2002), citing *Trailer Marine Trans. Corp. v. Rivera Vazquez*, 977 F.2d 1, 4-5 (1st Cir. 1992).

[3] Defendants' "alternative" proposal to this court, that the constitutional and attorneys fee claims be dismissed apparently without reference to the jurisdictional issues raised by the Plaintiffs is entirely without merit. As described below, the court cannot dismiss (with prejudice) a pending case over which it has no jurisdiction and thereby foreclose a Plaintiff from seeking the same remedy in state court: indeed it is the very existence of that remedy in the state court that counsels dismissal or remand in cases such as the one presented. See *Tomaiolo v Mallinoff*, 281 F.3d 1 (1st Cir. 2002) affirming dismissal of constitutional claims against Rhode Island taxing authorities, without prejudice, under TIA and principles of comity

The TIA clearly states: *The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.*[4] As articulated at pages 3 and 4 of the Plaintiffs' Memorandum in Support of their Motion to Remand, the TIA is jurisdictional in nature, and divests this Court of subject matter jurisdiction over this controversy. Since 28 U.S.C § 1447(c) states, in pertinent part, that "if *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. (emphasis added)" and since the TIA divests this Court of subject matter jurisdiction, the Motion to Remand is timely and should be granted notwithstanding that it was filed more than thirty days following the removal of this case to this Court.

**B. <u>The Plaintiffs' Motion to Remand the Entire Case Should Be Granted and Defendant's Alternative Request that Counts II and III be Dismissed should be Denied.</u>**

Plaintiffs argue that this Court lacks subject-matter jurisdiction to consider this case based on the TIA. In the Defendants' Objection, the Defendants concede that the TIA divests this court of jurisdiction over Count I.[5] Although the Defendants concede this point only as to Count I, the language of 28 U.S.C. §1447(c) plainly requires, not that particular portions of a complaint be remanded when subject matter has not been demonstrated to exist, but that "the *case* shall be remanded" (emphasis added).[6]

The Defendants bear the burden of proving the existence of federal jurisdiction.[7] The United States Court of Appeals for the First Circuit has held that the removal statute is to be strictly construed and that the removing party has the burden of demonstrating the existence of

---

[4] 28 U.S.C. §1341.

[5] *See* Defendants' Memorandum of Law in Support of Their Objection to the Plaintiffs' Motion For Remand or in the Alternative Defendants' Motion for Partial Dismissal, Footnote 5

[6] 28 U.S.C. §1447(c).

[7] *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).

federal jurisdiction.[8] In their Memorandum, instead of demonstrating that subject matter jurisdiction exists over this challenge to a municipality's unconstitutional use of the taxing authority, the Defendants acknowledge the application of the TIA to this lawsuit and admit that the TIA divests jurisdiction over this case. Instead of expressly objecting to remand (other than on the basis of timeliness) the Defendants request this Court to consider dismissing some of the Plaintiffs' counts "before remand."[9] The Defendants make no affirmative argument demonstrating why jurisdiction exists in this court – which, in fact, it does not – and the doctrine of "hypothetical jurisdiction" has long since been rejected by the United States Supreme Court.[10] Since subject matter jurisdiction does not exist, the Court may not consider the Defendants' alternative motion to dismiss Counts II and III. If subject-matter jurisdiction is lacking, this Court never reaches the merits of the controversy; indeed, it lacks the power to do so. Since this matter has come before this Court via removal, upon determining that subject matter jurisdiction is lacking, this Court's only recourse is remand.[11] Accordingly, the Defendants' request for Partial Dismissal prior to remand is premature and improper. The Defendants' Motion should be denied.

---

[8] *Id.* See also, *BIW Deceived, et al. v. Local S6, et al,* 132 F.3d 824, 831 (1st Cir. 1997).
[9] Defendants' Objection, page 1
[10] We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits the judicial power of the United States and is inflexible and without exception. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 140 L. Ed. 2d 210 (U.S, 1998), citing *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869), 177 U.S. 449 at 453, and *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382, 28 L. Ed. 462, 4 S. Ct. 510 (1884).
[11] *See, generally, American National Insurance Co. v. Travelers Casualty and Surety Co.*, 8 F.Supp. 2d 938,939 (D.Tx 1998)

## CONCLUSION

Because the TIA divests this Court of jurisdiction, the Defendants concede that this Court lacks subject matter jurisdiction to consider this matter and, effectively, fail to satisfy their burden of proving that federal jurisdiction is proper, the Plaintiffs respectfully request that their Motion for Remand be granted. In addition, the Plaintiffs respectfully request that the Defendants' Motion for Partial Dismissal be denied due to this Court's lack of jurisdiction to consider the merits of this case.

The Plaintiffs,
John Cullen and Barbara Cullen,

By their attorneys,

**Ratcliffe Burke Harten & Elias LLP**

/s/ Stephen H. Burke
Stephen H. Burke, #2759
Jenny M. Cordero, #7200
1600 Financial Plaza
Providence, RI 02903
Tel: 401-334-3400
Fax: 401-331-3440
sburke@rbhelaw.com
jcordero@rbhelaw.com

## CERTIFICATION

I hereby certify that on the 4th day of September, 2006, I delivered a true and accurate copy of the within pleading via first class mail, postage prepaid, to the following:

Marc DeSisto, Esq.
DeSisto Law
311 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

/s/ Stephen H. Burke